MARY A. GORDON, Respondent, *v.* HERMAN H. NIEMANN et al., Appellant.

The parties entered into a contract in writing, by the terms of which, defendants sold to plaintiff a stock of patterns for $500 and agreed to sell her such patterns as she should order during the ensuing year at prices specified; she agreeing to keep on hand a full assortment of all patterns made by defendants. Defendant also agreed that during the continuance of the contract they would take back old and undesirable patterns and give others in exchange. The contract by its terms was to continue for the term of one year from date, " or longer, with the right of transfer, if mutually agreeable." After the expiration of the year plaintiff desiring to discontinue the business, asked defendant to take back all unsold patterns and refund the price she had paid, about $488, and on defendants' refusal brought this action to recover the same, alleging that contemporaneously with said contract, an oral agreement was made to the effect that if at the end of the year, or at any other time, plaintiff should be dissatisfied and wish to discontinue the business, defendants would, upon notice, relieve her of the agency by taking back the patterns remaining in her hands and refunding the money paid. On the trial plaintiff was permitted to prove the oral agreement. *Held,* error; as such agreement was in conflict with the terms of the written contract, and nullified its provisions.

Also, *held,* that the oral agreement was void under the statute of frauds, as by its terms it was not to be performed within a year.

(Submitted October 14, 1889 ; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 16, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts are sufficiently stated in the opinion:

*Raphael J. Moses* for appellant. When a memorandum is made and it is capable of a clear and intelligible exposition * * parol evidence is incompetent to contradict or vary its terms. (*Long* v. *M. I. Co.*, 1 N. Y. S. R. 38 ; Reed on Stat. of Frauds, §§ 25, 324 ; *Williams* v. *Robinson*, 73 Me. 195 ; *Hubbard* v. *Marshall*, 50 Wis. 327 ; *Tait* v. *Allen*, 18 Kan. 545 ; *Selp* v. *King*, 28 Tex. 552 ; 2 Reed on Stat. of Frauds, § 445 ; *Hunt* v. *Adams*, 7 Mass. 518 ; *Mosely* v. *Hanford*, 10 Barn. & Cross. 729 ; *Bookstaver* v. *Jayne*, 60 N. Y. 146 ; *Benton* v. *Martin*, 57 id. 570 ; *Somerby* v. *Harden*, 1 Johns. Ch. 253 ; *Johnson* v. *McIntosh*, 31 Barb. 267 ; *Burbank* v. *Beech*, 15 id. 332 ; *Frost* v. *Everett*, 5 Cow. 497 ; *Martin* v. *Rapellie*, 3 Edw. 229 ; *Hunt* v. *Blumer*, 5 Duer, 202 ; *F. & M. Bk.* v. *Winfield*, 24 Wend. 419 ; *Van Allen* v. *Allen*, 1 Hilt. 524 ; *Irwin* v. *Sanders*, 1 Cow. 249 ; *Ridley* v. *Dale*, 4 N. Y. 486 ; *Lewis* v. *Jones*, 7 Bosw. 356 ; *Brown* v. *Crawford*, 5 Otto, 481.) The contract alleged to be established by Williams, and Nieman's conversation was in violation of the Statute of Frauds. (2 Parsons on Contract, 45 ; *Bracegirdle* v. *Heald*, 1 B. & Ald. 722 ; *Roberts* v. *Rockbottom Co.*, 7 Metc. 47 ; *Broadwell* v. *Getman*, 2 Denio, 87 ; *Boydell* v. *Drummond*, 11 East. 142 ; *Herring* v. *Butters*, 20 Me. 119 ; *Peters* v. *Westborough*, 19 Pick. 364 ; 1 Reed on Stat. of Frauds, §§ 188, 195 ; *Gault* v. *Brown*, 48 N. H. 185 ; *Miles* v. *Bough*, L. R., [3 Q. B.] 845 ; *Walker* v. *Johnson*, 96 U. S. 437 ; *McPherson* v. *Cox*, Id. 401 ; *Childs* v. *W. C. Co.*, 13 Wkly. Dig. 59.)

*S. W. Valentine* for respondent.

FOLLETT, Ch. J. In 1881 and 1882 the defendants were partners under the name of the Universal Fashion Company, and engaged in manufacturing and selling paper patterns. June 21, 1881, the parties to this action entered into a written contract by which the defendants sold to the plaintiff a stock of patterns for $500, three-fifths of which were then delivered and the remainder were to be delivered in time for the fall

trade of that year. The plaintiff paid seventy-five dollars down and agreed to pay the remainder of the price at certain specified dates within the ensuing year. By the contract the defendants were bound to sell during the ensuing year to the plaintiff such patterns as she should order for one-half of the retail price, and she was bound to keep on hand a full assortment of all patterns made by the defendants. It was provided by the contract that during its continuance the defendants should take back from the plaintiff the old and undesirable patterns left out of their catalogues for the succeeding seasons, and give in exchange such other patterns as were ordered when the old ones were returned. The written contract provided that it was to continue "for the term of one year from the date hereof, or longer, with the right of transfer, if mutulaly agreeable."

It is agreed that for one year each party fully performed this contract. At the end of the year the plaintiff desired to discontinue the business and asked the defendants to take back all unsold patterns and refund the price which she had paid, which they refused to do. In April, 1885, she brought this action, alleging that she had purchased patterns for which she had paid $504.50, and that she had on hand patterns unsold for which she had paid $488.75, which sum, with interest from the dates of payment, she sought to recover. As a ground for this action, she alleged that contemporaneously with the written agreement, an oral agreement was made by which it was "agreed that if at the end of one year, or at any other time, plaintiff should be dissatisfied with said fashion or pattern business, and should wish to discontinue the said agency, that they, said defendants, would, upon such notice from said plaintiff, relieve said plaintiff of said agency by taking from her all patterns of the said Universal Fashion Company remaining in her hands and refunding to her all moneys paid by her for the same."

On the trial the plaintiff testified: "Mr. Williams, at the time this written agreement was made, said that I should have the agency for one year, or longer if I preferred, and that at the time that I wished to end this agency that they would

transfer the agency, take back the stock on hand and refund the money I had paid for it. I contined the agency for a year. After a year had expired, I had a conversation as to the transferring it with Mr. Nieman, at his office, Fourteenth street, New York city." * * * "It was understood that I was to keep it for one year; for one year, or longer if I preferred, without making the transfer."

Lizzie Burkett, one of the plaintiff's employes, testified that she was present when the written contract was made, and that "Mr. Williams told Miss Gordon that she was to take the agency for one year or longer, and at the end of that time, if she did not wish to keep it, to get it transferred, the stock taken, and the money refunded." Annie F. Nolan, another of plaintiff's employes, testified that she was present when the written contract was made, and that "Mr. Williams told Miss Gordon, at the end of the year, that if she wished to discontinue the agency that they would transfer the agency, take up the stock and refund the money that she had paid for it." This testimony was objected to on the ground that it tended to contradict the written contract, and at the end of the plaintiff's case, the defendants moved that the complaint be dismissed, on the ground that the oral agreement testified to was, by its terms, not to be performed in one year from the making thereof, and also that it was for the sale of goods for the price of fifty dollars, or more, and was void by the statute of frauds. The motion was denied. The defendants and their witnesses denied the making of the oral contract. The court instructed the jury that there were two issues for them to pass upon: (1) Was the oral agreement made as the plaintiff testified? (2) Did Mr. Neimann agree that he would transfer the agency, take back the stock and refund the money? The jury was further instructed that if they found both issues in favor of the plaintiff, she was entitled to a verdict of $484, with interest for two years, but if they found either issue in favor of the defendants, they were entitled to a verdict. The jury rendered a verdict for $542, on which a judgment was entered, which was affirmed at General Term.

The court erred in permitting the plaintiff to establish a contemporaneous oral contract which nullified the provision of the written contract that the patterns were sold, and only unsalable ones were to be returned. This evidence was not admissible upon the theory that it was explanatory of the expression, " with the right of transfer if mutually agreeable." The right of transfer evidently means that the plaintiff might transfer to some other person her rights under the contract, if that person was satisfactory to the defendants. Again, the oral contract testified to, was, by its terms, not to be performed within one year from the making thereof, and for that reason it was void by the statute of frauds.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

All concur, except Bradley and Haight, JJ., not voting; Brown, J., not sitting.

Judgment reversed.