Nellie House, Respondent, v. Frederick Walch, Appellant.

Where a written contract is complete on its face and clear and unambiguous in its terms, oral evidence is not admissible to vary or contradict the writing.

*It seems*, such evidence is competent where the language of the contract is ambiguous or its terms obscure because of the use of technical phrases. It is simply admissible, however, to explain the ambiguity or show the meaning of the technical terms, and thus to enable the court to understand the contract as written, but not to contradict or vary the instrument.

(Argued December 17, 1894; decided January 15, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 19, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wm. Lincoln Barnum* for appellant. The order appointing a receiver of the plaintiff's property in proceedings supplementary to execution vested the title of plaintiff to the property in question in the receiver, and the court erred in refusing to dismiss the complaint on this ground. (Code Civ. Pro. § 2468; *McCorkle* v. *Hermann*, 117 N. Y. 297; High on Receivers, § 432; *Noe* v. *Gibson*, 7 Paige, 513; *Albany City* v. *Schermerhorn*, 10 id. 263; *Wiswall* v. *Sampson*, 14 How. [U. S.] 32; *Crooks* v. *Findley*, 60 How. Pr. 375; *Ireland* v. *Hicks*, 9 Abb. Pr. [N. S.] 71; *Whiteside* v. *Pendergast*, 2 Barb. Ch. 471.) The exceptions by the defendant to the admission of evidence offered and received to explain the written contract were well taken. (*Thomas* v. *Scott*, 127 N. Y. 133; *Englehorn* v. *Reittinger*, 122 id. 76; 1 Greenl. on Ev. §§ 275, 276; *Albright* v. *Voorhees*, 36 Hun, 437; *White* v. *Ashton*, 51 N. Y. 280; *Bollen* v. *Leroy*, 30 id. 549; *Humphrey* v. *Case*, 121 id. 435; *Kennelly* v. *Porter*, 109 id. 526,

544; *Eighmie* v. *Taylor*, 98 id. 288; *Wilson* v. *Deen*, 74 id. 531; *Johnson* v. *Oppenheim*, 55 id. 280, 293; *Costello* v. *Eddy*, 128 id. 650.; *Collamer* v. *Farrington*, 39 N. Y. S. R. 396; *Moores* v. *Glover*, 37 id. 396; *Pattison* v. *Hull*, 9 Cow. 747; *LeFargo* v. *Eaton*, 5 Wend. 187; *Van Ostrand* v. *Reed*, 1 id. 424; *Wright* v. *Weeks*, 25 N. Y. 153; *Meretz* v. *Newritter*, 122 id. 491; *Dickinson* v. *Rawson*, 12 Wkly. Dig. 563; *Odell* v. *Montross*, 68 N. Y. 499.) Parol evidence is inadmissible to make, modify or enlarge a contract for the sale or exchange of real property. (*Wright* v. *Weeks*, 25 N. Y. 491; *Meretz* v. *Newritter*, 122 id. 451; *Odell* v. *Montross*, 68 id. 499.) The court erred in refusing to allow defendant to prove representations made to him by plaintiff's agent. (*Mayer* v. *Dean*, 115 N. Y. 556; Story on Agency, §§ 135, 137, 139, 452; *Ahern* v. *Goodspeed*, 72 N. Y. 108; *Bennett* v. *Johnson*, 21 id. 238; *Moore* v. *King*, 57 Hun, 224; *Thalheimer* v. *Brickeroff*, 4 Wend. 394; *Hathway* v. *Johnson*, 55 id. 93.)

*P. J. Ryan* for respondent. It was proper to offer oral evidence to make the meaning of the contract clear; it was offered for no other purpose. (*Field* v. *Munson*, 47 N. Y. 221; *Goodrich* v. *Stevens*, 5 Lans. 230; *Sweet* v. *Shumway*, 102 Mass. 365; *Stoop* v. *Smith*, 100 id. 63; *Norxon* v. *Woodruff*, 2 N. Y. 153; *Almgrenos* v. *Duluth*, 5 id. 28; Brown on Parol Ev. 194; *Ward* v. *Kilpatrick*, 85 N. Y. 414; *McLean* v. *Freeman*, 70 id. 72; *Vandevoort* v. *Gould*, 36 id. 639; *Woodruff* v. *McGrath*, 32 id. 255; *Loos* v. *Wilkinson*, 110 id. 195.) What the property sold for at the sale, taking place immediately after the contract, was some evidence of its real value, and was properly shown on the trial on the question of value. (*Biglow* v. *Legg*, 102 N. Y. 652; *Gill* v. *McNamee*, 44 id. 44.)

BARTLETT, J.   This is an appeal from a judgment of the General Term of the fourth department affirming a judgment for plaintiff on the verdict of a jury..

The plaintiff seeks to recover damages from the defendant for an alleged breach of a contract, in writing, for the exchange of real estate.

The original complaint set forth the written contract and its breach and asked for damages.

An amended complaint was served setting up the written contract, and also alleging that at the time of its execution, and also subsequent thereto, a further and different agreement was made.

Notwithstanding the allegations of the amended complaint both parties at the trial stood upon the written contract. The plaintiff insisted that it was ambiguous and parol evidence was admissible to explain it, while the defendant objected to the evidence on the ground that no ambiguity existed.

The written contract is very brief, and provides for an exchange of real estate, the plaintiff to convey to defendant Nos. 244 and 246 Tallman street in the city of Syracuse, cleared of its incumbrance of $5,800 at time of delivery of deed, and the defendant to convey to plaintiff a farm of fifty acres in Cortland county subject to an incumbrance of $900.

We have here a contract complete on its face, and but for certain extraneous facts there would seem to be no difficulty in adjusting the rights of the parties.

At the trial both parties practically admitted that the written contract did not express the real agreement, as it was undisputed that the defendant was to pay plaintiff $5,000 in addition to conveying his farm. The plaintiff also insisted that it was agreed that she was to allow her property to be sold on a mortgage foreclosure for the purpose of making a better title, some two weeks before the law day under the written contract, and that the defendant was to bid the same in and then convey his farm to plaintiff subject to a mortgage of $900, the latter amount being practically a loan from defendant to plaintiff in order to enable her to clear the incumbrance from her city property. This agreement the defendant denied as to some of its details. It also appeared

that plaintiff's city property was worth from $5,500 to $6,000, while defendant's farm was valued at about $1,200. Confronted by this situation the plaintiff should have brought an action to reform the contract and to enforce it as reformed. This she failed to do, and, as already stated, stood on the written contract at the trial, seeking to show the real agreement by reason of. the alleged ambiguousness of the writing. The ambiguity is said to be found in the following clause of the contract which refers to plaintiff's city property, viz.: "Said property shall be free and clear from all incumbrances and right of dower except an incumbrance of $5,800, to be cleared at time of delivery of deed." The learned trial judge held this to be ambiguous, and admitted parol evidence of the alleged real agreement of the parties in order to explain the ambiguity. We are unable to discover any ambiguity in the clause referred to; it seems to us clear that, under the strict terms of the contract, it was the duty of plaintiff to free her property of incumbrance at the time the deed was to be delivered ; it is impossible to give any other reasonable construction to the language employed. It certainly cannot be properly claimed that this clause imposed any duty upon the defendant in regard to clearing the title of plaintiff's property. We have here a contract clear as to its terms, complete on its face, and parol evidence was inadmissible to vary or contradict the writing. It is a general rule that evidence of what was said between the parties to a valid instrument in writing, either prior to or at the time of its execution, cannot be received to contradict or vary its terms. ( *Wilson* v. *Deen*, 74 N. Y. 534; *Eighmie* v. *Taylor*, 98 id. 288 ; *Marsh* v. *McNair*, 99 id. 174 ; *Engelhorn* v. *Reitlinger*, 122 id. 76 ; *Thomas* v. *Scutt*, 127 id. 133.)

While there are certain well-established exceptions to this general rule the case at bar does not come within any of them. This is not a case where the written contract is obviously incomplete and where parol evidence is essential to make clear its terms. (*Chapin* v. *Dobson*, 78 N. Y. 74.) The two essentials in such a case are lacking here, viz., incompleteness

on the face of the contract and the fact that the parol evidence offered is consistent with and not contradictory of the written instrument.

Evidence to explain an ambiguity or show the meaning of technical terms, is not an exception to the general rule, but is allowed to enable the court to understand the contract as written and not to contradict or vary the instrument in any particular. (*Dana* v. *Fiedler*, 12 N. Y. 40; *Collender* v. *Dinsmore*, 55 id. 200; *Newhall* v. *Appleton*, 114 id. 140; *Smith* v. *Clews*, Id. 190.)

In the case at bar the parol evidence received tended to establish a different contract from that expressed in the written instrument, and was, therefore, incompetent.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment accordingly.