MINER E. SHERMAN, Respondent, v. ANDREW J. PEDRICK and Others, Appellants.

*Guaranty — evidence of a contemporaneous parol agreement to apply property of the debtor before calling on the guarantors is inadmissible — Statute of Frauds — what delay in bringing suit upon the guaranty does not constitute laches — duty of the creditor to sue for interest as it falls due — a failure to apply collateral security, as bearing on the question whether due diligence was exercised by the creditor.*

An agreement, dated January 22, 1891, to "guarantee the collection of the indebtedness now due and owing to said Miner E. Sherman by one Edwin C. Pedrick, which amount is five hundred and fifty-four dollars, and interest from December 27th, 1889, and said indebtedness is extended for the period of five

years from the date hereof, interest thereon to be paid annually," is a complete contract, the consideration for which is apparent upon its face, and in an action brought to recover thereon, evidence offered solely for the purpose of showing that, contemporaneously with the execution of the guaranty, Miner E. Sherman agreed, by parol, to apply property of the debtor, which he then held upon the debt, before calling upon the defendants to pay it, is inadmissible.

Such a parol promise would be void under the Statute of Frauds, as, by its terms, it was not to be performed within a year.

A delay in bringing suit upon the guaranty from January 22, 1896, when the period of extension expired, to March 10, 1896, cannot be said, as matter of law, to constitute a want of due diligence upon the part of the creditor, in the absence of evidence that any change in the financial condition of the debtor had occurred in the meantime.

Under the terms of the guaranty it was the duty of Sherman to prosecute to judgment the claims for interest as they fell due, and such action not having been taken, the recovery against the guarantors upon such agreement should only include the interest accruing after January 22, 1895, Sherman not having been negligent in failing to collect it.

*Quære,* whether evidence tending to show that Sherman held collateral security for the debt in question which he had neglected to apply thereon, would, if offered for that purpose, have been admissible upon the question whether Sherman exercised due diligence in attempting to collect his debt from the principal debtor.

APPEAL by the defendants, Andrew J. Pedrick and others, from a judgment of the County Court of Chemung county in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 11th day of May, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 11th day of May, 1898, denying the defendants' motion for a new trial made upon a case containing exceptions.

This action was originally brought in the City Court of Elmira, and judgment was rendered therein for the plaintiff. The defendants appealed from such judgment to the County Court of Chemung county, and upon a new trial in said County Court judgment was entered in favor of the plaintiff for $838.65, debt and costs, upon a verdict directed by the court. From the judgment of the County Court and from an order denying a new trial this appeal is brought.

*W. E. Knapp,* for the appellants.

*James A. Douglas* and *Roswell R. Moss,* for the respondent.

PARKER, P. J.:

Plaintiff being about to enforce collection against E. C. Pedrick of a debt of $554, which he then held against him, the defendants executed to the plaintiff the following written guaranty:

"WEBBS MILLS, *January* 22, 1891.

"For and in consideration of one dollar and other good and valuable considerations to us in hand paid by Miner E. Sherman, the receipt whereof is hereby acknowledged by each of us, we do jointly and severally guarantee the collection of the indebtedness now due and owing to said Miner E. Sherman by one Edwin C. Pedrick, which amount is five hundred and fifty-four dollars, and interest from December 27th, 1889; and said indebtedness is extended for the period of five years from the date hereof, interest thereon to be paid annually.    "(Signed)    A. J. PEDRICK,
"Witness,                          ISABELLA WILSON,
    "DIX W. SMITH.                  ELLA PEDRICK."

Thereupon the plaintiff refrained for five years from enforcing the debt or collecting interest thereon. The five years expired on January 22, 1896. On March 10, 1896, an action was commenced by plaintiff against E. C. Pedrick to recover such debt. Judgment by default was taken therein, and execution was promptly issued and returned wholly unsatisfied. Subsequently this action was commenced on the above guaranty.

Upon the trial the defendants claimed that at the time the guaranty was executed the plaintiff agreed to dispose of certain chattels then held by him as collateral security against E. C. Pedrick, and apply the same upon said indebtedness before calling upon the defendants to pay anything under such guaranty, and that he had not done so. The evidence to prove this agreement, and also that plaintiff at such time held such security, was taken under plaintiff's objection that it operated to vary and modify the written contract, and also that it was immaterial. The evidence given under such objection showed that plaintiff had title under sheriff's sale, and by a bill of sale direct from E. C. Pedrick, to certain personal property, and held the same as security for this debt. After the evidence was taken each party claimed that there was no question of fact for the

jury, and the court thereupon directed a verdict for the plaintiff, holding that plaintiff's agreement to apply the chattels which he held as security was a void one, because it was not to be performed within a year. From the judgment entered upon that verdict this appeal is taken.

When plaintiff had proved the execution of the guaranty, and that he had, at the expiration of the five years, brought suit and failed to collect from E. C. Pedrick, he had shown a *prima facie* right to recover against defendants the principal sum therein specified. The omission to bring suit from January twenty-second to March tenth, in the absence of any proof that any change had in the meantime occurred in E. C. Pedrick's financial condition, cannot be said, as matter of law, to constitute a want of due diligence on his part.

If we are to consider this case as if the plaintiff, when the guaranty was given to him, held against Pedrick collateral security for the debt so guaranteed, the question would be suggested whether, until he had enforced such security, he could be said, as matter of law, to have used due diligence in collecting his debt from the prinpal debtor ; whether he had in fact exhausted his legal remedies until he had foreclosed this lien or claim upon the property which he held as security for the payment of the debt.

From an examination of the record, however, I conclude that that question is not before us.

When the evidence was offered tending to show that the plaintiff, at the time of the guaranty, did hold such property as collateral security, the plaintiff's counsel objected to it as being immaterial, and remarked that he did not understand that it was offered to show that plaintiff had not exhausted his legal remedies. The defendants' counsel thereupon said it was not offered for such purpose ; and the court received it, not as bearing at all upon that question, but as being material only upon the alleged parol agreement, made at the time of the guaranty.

We are not at liberty to consider the facts so shown as tending to establish a defense so emphatically disclaimed by defendants' counsel. The plaintiff made no effort to contradict such facts or to explain them. He considered them as in the case only upon the defense then tendered, that such property should be applied on the

debt solely because of a contemporaneous parol promise on plain-
tiff's part to do so; and he had the right to rely upon his objection
that such defense was not good in law. Had he supposed that they
were to be considered upon the question as to whether he had used
and exhausted all legal measures to collect from the principal debtor,
he might have fully explained what had become of the property
during the five years that had intervened.

As to the $1,000 mortgage which it is claimed that the plaintiff
then held, it is to be noticed that it is no part of the property which
it is claimed he agreed to apply, and, therefore, it was not admissible
under the ruling of the court, and it is not to be deemed received
in evidence. Moreover, the evidence is by no means satisfactory
that he then held it as collateral to the debt in question.

The question, therefore, whether plaintiff had fully performed the
obligations which the law imposed upon him under the written con-
tract, not having been raised by the defendants, the only question
presented for our decision is: Was the agreement upon which the
defendants rely one that was properly provable in the case, and if
it was, did its breach by plaintiff constitute a defense to his claim
upon the guaranty?

The written contract is a complete contract by itself. Its consid-
eration is apparent upon the face of it. The defendants were act-
ing in the interest of E. C. Pedrick and in his behalf. They were
guarantors for *him*, and the extension of time for the payment of
his debt which the guaranty secured to him, was the plain consid-
eration upon which they assumed that responsibility. The agree-
ment of plaintiff that he would, at the expiration of five years, apply
all the collateral he then had to the satisfaction of such debt before
calling upon them, may have been the inducement which caused the
defendants to enter into the contract of guaranty, but it was in no
sense the consideration of that contract. Though the defendants
relied upon such promise, the contract which they really entered
into required no provisions whatever upon that subject. It was
complete without any such promise on plaintiff's part. By the
written contract, as signed, the rights and liabilities of both parties
were definitely and plainly fixed. Hence, it was not a contract into
which such a promise on plaintiff's part could be inserted.

The rule which regulates the admission in evidence of prior or

contemporaneous parol statements as affecting a written contract, is clearly stated and illustrated in *Thomas* v. *Scutt* (127 N. Y. 137, 138); and applying the rule as there defined to this case, I conclude that the agreement upon which defendants rely could not be proved to affect the written contract which they signed. Such written contract does not appear upon inspection to be an incomplete contract, and, therefore, even though the parol promise by plaintiff, sought to be inserted, be in fact no more than the law imposed upon him, it was not properly provable as a part of the contract between them. That contract being in writing and apparently complete, it is conclusively presumed to express the whole contract. (See, also, *Case* v. *Phœnix Bridge Co.*, 134 N. Y. 78, 81; *House* v. *Walch*, 144 id. 418.)

I conclude, therefore, that all evidence to prove that the plaintiff agreed by parol to apply property that he then held before calling upon the defendants to pay the debt, and also all evidence to show what the property was that he so agreed to apply, was improperly admitted. It should not have appeared in the case, and hence it can constitute no defense in this action. Moreover, within the case of *Gordon* v. *Niemann* (118 N. Y. 152), if it could be proven at all, it would seem to be inoperative because not to be performed within a year.

But there is the further question presented, whether the plaintiff had established the right to recover against the defendants for the interest which had accrued upon the principal sum, the collection of which they had guaranteed. The amount of the debt, as stated in the contract, is $554 and interest thereon since December 27, 1889. The contract being dated January 22, 1891, such amount was $589.55. That is the amount of indebtedness which was then fixed, as due to the plaintiff, and which the defendants guaranteed could be collected. The payment of "said indebtedness" was also extended five years, and, therefore, until the expiration of that time, no part of that amount could be demanded. But annual interest thereon is also, by the contract, provided for, and, in my judgment, the guaranty of collection extends to that also. But the guaranty is that it can be collected when due, and inasmuch as it became due on January twenty-second in each year, the plain duty of the plaintiff was to have promptly prosecuted to judgment his claim for interest each year as

it became due. (*Salt Springs National Bank* v. *Sloan*, 135 N. Y. 371, 377.) Concededly he took no measures whatever to collect such interest until the expiration of the five years, when the whole principal sum became due, and for this reason he ought not to have recovered from defendants the interest accruing during those years. The principal became due January 22, 1896, but had been reduced by the payment of $100 September 4, 1893, to $582.11. The interest which accrued thereon after January 22, 1895, also then became due and could not have been collected before that date. The plaintiff, therefore, was not negligent in his effort to collect that. The principal debt of $582.11 and interest thereon since January 22, 1895, to the time of the trial, the defendants were liable to pay; beyond that they were not liable. The judgment should be reduced to that amount, and as so modified should be affirmed.

The objection that the complaint could not be amended in the County Court so as to enlarge its demand for judgment was not urged upon the appeal, and was evidently not well taken.

All concurred.

Judgment modified by reducing the recovery to $582.11, with interest thereon from January 22, 1895, and as so modified affirmed, with costs.