### SHERMAN v. PEDRICK et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)

1. GUARANTY—OMISSION TO SUE—WANT OF DILIGENCE.

A creditor's omission to bring suit for a month or so against his debtor for an indebtedness, which others had guarantied, in the absence of proof of a change in his debtor's financial condition, is not, as a matter of law, a want of due diligence.

**2.** OBJECTIONS TO EVIDENCE.

Where, on objections to evidence, defendants disclaim that it was offered to establish a certain defense, it cannot thereafter be considered in determining the validity of such defense.

**3.** SAME—PAROL EVIDENCE.

Evidence in an action on a written guaranty, complete in itself, to prove that plaintiff agreed by parol to apply property he then held before calling on defendants to pay the debt, and to designate the property, was inadmissible.

**4.** SAME—EXTENSION OF DEBT—INTEREST.

Defendants guarantied the payment of an indebtedness, the amount of which was fixed, in five years, interest to be paid annually. Plaintiff did not attempt to collect interest until the principal became due, when he demanded both principal and interest. *Held,* that, failing to collect interest when due, he was not entitled to any except for the last year.

Appeal from Chemung county court.

Action by Miner E. Sherman against Andrew J. Pedrick and others, originally brought in the city court of Elmira. Judgment was rendered therein for the plaintiff. The defendants appealed from such judgment to the county court of Chemung county, and, upon a new trial in said county court, judgment was entered in favor of the plaintiff for $838.65, debt and costs, upon a verdict directed by the court. From the judgment of the county court, and from an order denying a new trial, this appeal is brought. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. E. Knapp, for appellant.

James A. Douglas (Roswell R. Moss, of counsel), for respondents.

PARKER, P. J. Plaintiff, being about to enforce collection against E. C. Pedrick of a debt of $554, which he then held against him, the defendants executed to the plaintiff the following written guaranty:

"Webb's Mills, January 22, 1891.

"For and in consideration of one dollar and other good and valuable considerations to us in hand paid by Miner E. Sherman, the receipt whereof is hereby acknowledged by each of us, we do jointly and severally guaranty the collection of the indebtedness now due and owing to said Miner E. Sherman by one Edwin C. Pedrick, which amount is five hundred and fifty-four dollars and interest from December 27, 1889; and said indebtedness is extended for the period of five years from the date hereof, interest thereon to be paid annually.

"[Signed]                              A. J. Pedrick.
                                       "Isabella Wilson.
                                       "Ella Pedrick.

"Witness: Dix W. Smith."

Thereupon the plaintiff refrained for five years from enforcing the debt or collecting interest thereon. The five years expired on January 22, 1896. On March 10, 1896, an action was commenced by plaintiff against E. C. Pedrick, to recover such debt. Judgment by default was taken therein, and execution was promptly issued, and returned wholly unsatisfied. Subsequently this action was commenced on the above guaranty.

Upon the trial the defendants claimed that, at the time the guaranty was executed, the plaintiff agreed to dispose of certain chattels then

held by him as collateral security against E. C. Pedrick, and apply the same upon said indebtedness, before calling upon the defendants to pay anything under such guaranty, and that he had not done so. The evidence to prove this agreement, and also that plaintiff at such time held such security, was taken under plaintiff's objection that it operated to vary and modify the written contract, and also that it was immaterial. The evidence given under such objection showed that plaintiff had title under sheriff's sale, and by a bill of sale direct from E. C. Pedrick, to certain personal property, and held the same as security for this debt. After the evidence was taken, each party claimed that there was no question of fact for the jury; and the court thereupon directed a verdict for the plaintiff, holding that plaintiff's agreement to apply the chattels which he held as security was a void one, because it was not to be performed within a year. From the judgment entered upon that verdict this appeal is taken.

When plaintiff had proved the execution of the guaranty, and that he had, at the expiration of the five years, brought suit and failed to collect from E. C. Pedrick, he had shown a prima facie right to recover against defendants the principal sum therein specified. The omission to bring suit from January 22d to March 10th, in the absence of any proof that any change had in the meantime occurred in E. C. Pedrick's financial condition, cannot be said, as matter of law, to constitute a want of due diligence on his part.

If we are to consider this case as if the plaintiff, when the guaranty was given to him, held against Pedrick collateral security for the debt so guarantied, the question would be suggested whether, until he had enforced such security, he could be said, as matter of law, to have used due diligence in collecting his debt from the principal debtor; whether he had in fact exhausted his legal remedies until he had foreclosed this lien or claim upon the property which he held as security for the payment of the debt.

From an examination of the record, however, I conclude that that question is not before us. When the evidence was offered tending to show that the plaintiff, at the time of the guaranty, did hold such property as collateral security, the plaintiff's counsel objected, as being immaterial, and remarked that he did not understand that it was offered to show that plaintiff had not exhausted his legal remedies. The defendants' counsel thereupon said it was not offered for such purpose; and the court received it, not as bearing at all upon that question, but as being material only upon the alleged parol agreement, made at the time of the guaranty.

We are not at liberty to consider the facts so shown, as tending to establish a defense so emphatically disclaimed by defendants' counsel. The plaintiff made no effort to contradict such facts or to explain them. He considered them as in the case only upon the defense then tendered, that such property should be applied on the debt solely because of a contemporaneous parol promise on plaintiff's part to do so, and he had the right to rely upon his objection that such defense was not good in law. Had he supposed that they were to be considered upon the question as to whether he had used and exhausted all legal measures to collect from the principal debtor, he might have fully

explained what had become of the property during the five years that had intervened.

As to the $1,000 mortgage that it is claimed that the plaintiff then held, it is to be noticed that it is no part of the property which it is claimed he agreed to apply, and therefore it was not admissible under the ruling of the court, and it is not to be deemed received in evidence. Moreover, the evidence is by no means satisfactory that he then held it as collateral to the debt in question.

The question, therefore, whether plaintiff had fully performed the obligations which the law imposed upon him under the written contract, not having been raised by the defendants, the only question presented for our decision is: Was the agreement upon which the defendants rely one that was properly provable in the case, and, if it was, did its breach by plaintiff constitute a defense to his claim upon the guaranty? The written contract is a complete contract by itself. Its consideration is apparent upon the face of it. The defendants were acting in the interest of E. C. Pedrick and on his behalf. They were guarantors for him, and the extension of time for the payment of his debt which the guaranty secured to him was the plain consideration upon which they assumed that responsibility. The agreement of plaintiff that he would, at the expiration of five years, apply all the collateral he then had to the satisfaction of such debt before calling upon them, may have been the inducement which caused the defendants to enter into the contract of guaranty, but it was in no sense the consideration of that contract. Though the defendants relied upon such promise, the contract which they really entered into required no provisions whatever upon that subject. It was complete without any such promise on plaintiff's part. By the written contract, as signed, the rights and liabilities of both parties were definitely and plainly fixed. Hence it was not a contract into which such a promise on plaintiff's part could be inserted.

The rule which regulates the admission in evidence of prior or contemporaneous parol statements, as affecting a written contract, is clearly stated and illustrated in Thomas v. Scutt, 127 N. Y. 137, 138, 27 N. E. 961; and, applying the rule as there defined to this case, I conclude that the agreement upon which defendants rely could not be proved to affect the written contract which they signed. Such written contract does not appear, upon inspection, to be an incomplete contract; and therefore, even though the parol promise by plaintiff, sought to be inserted, be in fact no more than the law imposed upon him, it was not properly provable as a part of the contract between them. That contract being in writing, and apparently complete, it is conclusively presumed to express the whole contract. See, also, Case v. Bridge Co., 134 N. Y. 78–81, 31 N. E. 254; House v. Walch, 144 N. Y. 418, 39 N. E. 327. I conclude, therefore, that all evidence to prove that the plaintiff agreed by parol to apply property that he then held before calling upon the defendants to pay the debt, and also all evidence to show what the property was that he so agreed to apply, was improperly admitted. It should not have appeared in the case, and hence it can constitute no defense in this action. Moreover, within the case of Gordon v. Niemann, 118 N. Y. 152, 23 N. E. 454, if

it could be proven at all, it would seem to be inoperative, because not to be performed within a year.

But there is the further question presented whether the plaintiff had established the right to recover against the defendants for the interest which had accrued upon the principal sum, the collection of which they had guarantied. The amount of the debt, as stated in the contract, is $554, and interest thereon since December 27, 1889. The contract being dated January 22, 1891, such amount was $589.55. That is the amount of indebtedness which was then fixed as due to the plaintiff, and which the defendants guarantied could be collected. The payment of "said indebtedness" was also extended five years, and therefore, until the expiration of that time, no part of that amount could be demanded. But annual interest thereon is also, by the contract, provided for, and, in my judgment, the guaranty of collection extends to that also. But the guaranty is that it can be collected when due, and, inasmuch as it became due on January 22d in each year, the plain duty of the plaintiff was to have promptly prosecuted to judgment his claim for interest, each year as it became due. Bank v. Sloan, 135 N. Y. 371, 377, 32 N. E. 231. Concededly, he took no measures whatever to collect such interest until the expiration of the five years, when the whole principal sum became due, and for this reason he ought not to have recovered from defendants the interest accruing during those years. The principal became due January 22, 1896, but had been reduced by the payment of $100, September 4, 1893, to $582.11. The interest which accrued thereon after January 22, 1895, also then became due, and could not have been collected before that date. The plaintiff, therefore, was not negligent in his effort to collect that. The principal debt of $582.11, and interest thereon since January 22, 1895, to the time of the trial, the defendants were liable to pay; beyond that they were not liable. The judgment should be reduced to that amount, and, as so modified, should be affirmed.

The objection that the complaint could not be amended in the county court, so as to enlarge its demand for judgment, was not urged upon the appeal, and was evidently not well taken. All concur.