·ISRAEL MEAD, Respondent, *v.* ERNEST V. DUNLEVIE, Appellant.

EVIDENCE — PAROL EVIDENCE INADMISSIBLE TO VARY WRITING. A written contract to saw logs into lumber for a stipulated price per thousand, to provide a mill for that purpose and make suitable arrangements for receiving the logs when delivered at the mill in ·a specified manner, is complete and cannot be varied by evidence of a prior oral agreement between the parties making the method of delivering the logs different from that specified in the contract, the result of which would have been to double the price fixed therein.

*Mead* v. *Dunlevie*, 68 App. Div. 650, reversed.

(Argued February 26, 1903; decided March 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 21, 1902, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Fred L. Eaton* for appellant. The evidence of the plaintiff and his son of the conversation prior to the execution of the contract of May twenty-second, respecting the construction of a slide, should have been excluded. (Jones on Ev. §§ 437, 444; *Thomas* v. *Scutt*, 127 N. Y. 133.)

*Clarence A. Farnum* for respondent. It was not error to receive evidence of the verbal agreement made by the defendant. (2 Pars. on Cont. [6th ed.] 553; 1 Greenl. on Ev. § 284a; Stephen's Dig. Ev. art. 90, ¶ 2; Brown on Parol Ev. 125, § 50; 1 Beach on Mod. Cont. 46, § 31; *Chapin* v. *Dobson*, 78 N. Y. 74; *Van Brunt* v. *Day*, 81· N. Y. 251; *Routledge* v. *Worthington Co.*, 119 N. Y. 592; *Briggs* v. *Hilton*, 99 N. Y. 517; *Ferguson* v. *Baker*, 116 N. Y. 257; *Lewis* v. *Seabury*, 74 N. Y. 409; *Gibbons* v. *Bush Co.*, 52 App. Div. 211; *Durkin* v. *Cobley*, 156 Mass. 108; *Hope* v. *Balen*, 58 N. Y. 380.)

WERNER, J. The judgment herein cannot be upheld. It is based upon an obviously erroneous application of the exceptions to the general rule that written contracts are conclusively presumed to embody all prior or contemporaneous parol agreements between the parties relating to the subject-matter thereof. The general rule, as recently reiterated by this court, "is that when an agreement is reduced to writing it, as between the parties, merges and overcomes all prior or contemporaneous negotiations and declarations upon the subject, and that oral evidence is not admissible to vary, explain or contradict its terms, for the writing is conclusively presumed to contain the whole engagement of the parties." (*Stowell* v. *Greenwich Ins. Co.*, 163 N. Y. 298.)

In an earlier case (*Thomas* v. *Scutt*, 127 N. Y. 137) the exceptions to the rule are concisely divided into two classes, the first of which includes those cases in which parol evidence has been received, not to vary or contradict, but to destroy written instruments, for fraud, illegality, want of consideration or other fundamental inadequacies, upon the theory that the written instrument was never a valid and subsisting agreement, and the second of which " embraces those cases which recognize the written instrument as existing and valid, but regard it as incomplete, either obviously or at least possibly, and admit parol evidence, not to contradict or vary, but to complete the entire agreement of which the writing was only a part."

The contract in the case at bar is clearly not in the first class referred to, and it cannot be brought within the second class without the existence of two concurrent essentials, which in *Thomas* v. *Scutt* (*supra*) are thus stated : " 1. The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. 2. The parol evidence must be consistent with, and not contradictory of, the written instrument." In the light of these rules a brief analysis of

the contract herein will suffice to demonstrate that it is not within the second exception to the law of written contracts. The subject-matter of the contract before us is the sawing of logs into lumber. The defendant was to furnish the logs. The plaintiff was to build a mill and do the sawing. The contract price for sawing was to be two dollars per thousand feet of lumber. In a formal instrument covering nearly five pages of the printed record, the parties have expressed their mutual engagements with considerable explicitness and in great detail. Among other things, the plaintiff covenanted " to clear off enough land to pile the lumber manufactured pursuant hereto, and to either construct a pond or make other suitable and sufficient arrangements to take care of the logs as they are delivered at the mill."

The defendant on his part agreed " to deliver the logs to be manufactured into lumber as herein provided at the mill * * * so as to be as convenient and accessible for putting into the mill as the situation and circumstances will permit."

Despite the written contract set forth in plaintiff's complaint and given in evidence by him, and against the objection of the defendant, the former was permitted to prove an alleged prior oral agreement between the parties, under which the defendant was to build a log slide for the purpose of delivering the logs to the mill in a more cleanly condition than was possible by the overground method actually employed in transporting a portion of the logs. This evidence was promptly and logically supplemented by proof that defendant's failure to build and use such log slide covered the logs with dirt and stones; that this made it much more difficult and expensive to saw them; that a reasonable price for sawing such logs was four dollars per thousand feet of sawn lumber, instead of two dollars as stipulated in the written contract. Without going into further detail as to the course of the trial, it is enough to say that the case was tried, judgment rendered, and that judgment affirmed, upon the theory that the parol evidence referred to was competent. We feel constrained to differ from the learned courts below. To us

it seems obvious that if a contract price fixed by formal written instrument can be doubled by parol evidence of an alleged prior unwritten agreement, all rules relating to written contracts will soon be regarded as obsolete legal antiquities. In the case at bar the written contract not only fixes the price of the work to be done, but the conditions under which it is to be performed. If the defendant was to build and use a log slide in the transportation of logs to the mill, it is not easy to understand why it was necessary for the plaintiff to stipulate in the written contract that he would " either construct a pond or make other suitable and sufficient arrangements to take care of the logs as they are delivered at the mill." Nor is it more apparent why the defendant was to have the privilege of delivering the logs " so as to be as convenient and accessible for putting into the mill as the situation and circumstances will permit," if he had already bound himself to deliver them in a particular manner. Neither have we been favored with any explanation that would suggest even the most subtle or remote reason for omitting from the written contract nothing except this vital stipulation, which, in point of practical interest and importance, was paramount to all others. The method of doing the work was inseparable from the question of price. Upon the price hinged the whole agreement of the parties. In the face of these facts it seems unnecessary to discuss at further length the question whether the same instrument that fixes the price may be amended by parol so as to double that price.

The judgment herein should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur.

Judgment reversed, etc.