DOUGLAS W. GRAY, Respondent, *v.* ISAAC MEYER and MAX MENDLESOHN, Appellants.

*Parol evidence — not admissible to vary an unambiguous written contract.*

Parol evidence is competent to explain the equivocal terms of a written agreement or to fill out an incomplete one, but it is never admissible to vary or contradict a clear unambiguous agreement which was plainly designed to express the entire understanding of the parties.

Where a contract of sale is evidenced by the following writing: "This is to certify that we have bought of D. W. Gray his 1901 crop of tobacco in bundle, said tobacco to be free from hail, frost, pole burn, stem rot, fats, wet butts, wet tobacco and free from trashy stuff and to be delivered free from any damage at Corning, on or about January," parol evidence is not admissible to show that grasshopper-eaten tobacco, which is damaged tobacco, was not intended to be excluded from the sale.

APPEAL by the defendants, Isaac Meyer and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 31st day of March, 1903, upon the verdict of a jury, and also from an order entered

FOURTH DEPARTMENT, NOVEMBER TERM, 1903.        [Vol. 88.

in said clerk's office on the 31st day of March, 1903, denying the defendants' motion for a new trial made upon the minutes.

*Warren J. Cheney*, for the appellants.

*Francis E. Wood* and *Willard S. Reed*, for the respondent.

SPRING, J.:

The plaintiff has sued for damages arising from the alleged breach of a written contract entered into with the defendants. The plaintiff is a farmer and tobacco raiser and the defendants dealers in tobacco. In the fall of 1901 they purchased of the plaintiff his crop of tobacco, evidenced by the following agreement:

"CORNING, N. Y., *Sept. 2d*, 1901.

"This is to certify that we have bought of D. W. Gray his 1901 crop of tobacco in bundle, said tobacco to be free from hail, frost, pole burn, stem rot, fats, wet butts, wet tobacco and free from trashy stuff and to be delivered free from any damage at Corning, on or about January. Acres 18. Price per lb. 11c. Paid on contract $50.00.

"H. M. BILLINGTON, *Agt.*

"I. MEYER & CO."

The agreement was executed in duplicate and the one signed by the plaintiff was delivered to the defendants. When the plaintiff wrapped his tobacco in bundles for the defendants he included a considerable quantity of tobacco which had been eaten by grasshoppers. An inspection of it early in January by the defendants disclosed its condition and they insisted upon its being rehandled and the grasshopper-eaten tobacco removed, which the plaintiff declined to do, and refused to deliver the tobacco unless the grasshopper-eaten tobacco was taken with the rest. Upon the trial the plaintiff was permitted to show that it was the understanding of the parties that tobacco denominated grasshopper eaten was not to be excluded from the sale. This evidence was objected to by the defendants on the ground that it tended to vary or contradict the written agreement. The evidence showed that tobacco so eaten was damaged, and the court so stated to the jury, but permitted them to pass upon the question whether tobacco damaged in that way was to be included within the terms of the contract.

The contract was complete. It provided that the tobacco was to be free from certain defects and then contained the general clause that it was " to be delivered free from any damage." The proof is clear, and it must be self-evident that the tobacco leaves which had been mulled over and eaten through by grasshoppers were not " free from any damage."

While within well-defined rules parol evidence is competent to explain the equivocal terms of a written agreement or to fill out an incomplete one, it is never admissible to vary or contradict a clear unambiguous agreement, a contract which plainly was designed to express the entire understanding of the parties. (*Mead* v. *Dunlevie*, 174 N. Y. 108; *Jamestown Business College Association* v. *Allen*, 172 id. 291.)

In permitting proof of previous parol negotiations between the parties to be given and allowing the jury to determine as a question of fact whether " grasshopper-eaten tobacco should be excluded " from the sale, we think the learned trial judge committed error prejudicial to the defendants requiring a reversal of the judgment.

The judgment and order should be reversed and a new trial ordered, with costs to the appellants to abide the event.

All concurred.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event, upon questions of law only, the facts having been examined and no error found therein.