### GRAY v. MEYER et al.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1903.)

1. WRITTEN CONTRACT—PAROL EVIDENCE.

A written agreement to purchase a person's tobacco crop for a certain year, providing that the tobacco should be free from "hail, frost, pole burn, stem rot, fats, wet buts, wet tobacco and free from trashy stuff," and should "be delivered free from any damage," was a complete contract, and could not be varied by parol evidence to the effect that damaged tobacco, denominated "grasshopper eaten tobacco," was to be taken with the rest.

Appeal from Trial Term, Steuben County.

Action by Douglas W. Gray against Isaac Meyer and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Warren J. Cheney, for appellants.
Francis E. Wood, for respondent.

SPRING, J. The plaintiff has sued for damages arising from alleged breach of a written contract entered into with the defendants. The plaintiff is a farmer and tobacco raiser, and the defendants are dealers in tobacco. In the fall of 1901 they purchased of the plaintiff his crop of tobacco, evidenced by the following agreement:

"Corning, N. Y., Sept. 2nd, 1901.

"This is to certify that we have bought of D. W. Gray his 1901 crop of tobacco in bundle, said tobacco to be free from hail, frost, pole burn, stem rot, fats, wet buts, wet tobacco and free from trashy stuff and to be delivered free from any damage at Corning, on or about January. Acres 18. Price per lb. 11c. Paid on contract $50.00.          H. M. Billington, Agt.
                                                    "I. Meyer & Co."

The agreement was executed in duplicate, and the one signed by the plaintiff was delivered to the defendants. When the plaintiff wrapped his tobacco in bundles for the defendants, he included a considerable quantity of tobacco which had been eaten by grasshoppers. An inspection of it early in January by the defendants disclosed its condition, and they insisted upon its being rehandled, and the grasshopper eaten tobacco removed, which the plaintiff declined to do, and refused to deliver the tobacco unless the grasshopper eaten tobacco was taken with the rest. Upon the trial the plaintiff was permitted to show that it was the understanding of the parties that tobac-

co denominated "grasshopper eaten" was not to be excluded from the sale. This evidence was objected to by the defendants on the ground that it tended to vary or contradict the written agreement. The evidence showed that tobacco so eaten was damaged, and the court so stated to the jury, but permitted them to pass upon the question whether tobacco damaged in that way was to be included within the terms of the contract.

The contract was complete. It provided that the tobacco was to be free from certain defects, and then contained the general clause that it was "to be delivered free from any damage." The proof is clear, and it must be self-evident, that the tobacco leaves which had been mulled over and eaten through by grasshoppers were not "free from damage." While, within well-defined rules, parol evidence is competent to explain the equivocal terms of a written agreement, or fill out an incomplete one, it is never admissible to vary or contradict a clear, unambiguous agreement—a contract which plainly was designed to express the entire understanding of the parties. Mead v. Dunlevie, 174 N. Y. 108, 66 N. E. 658. Jamestown Business Association, Limited, v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740.

In permitting proof of previous parol negotiations between the parties to be given, and allowing the jury to determine, as a question of fact, whether "grasshopper eaten tobacco should be excluded" from the sale, we think the learned trial judge committed error prejudicial to the defendants, requiring a reversal of the judgment. The judgment and order should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment and order reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.