## LIEBESKIND v. MOORE CO.

### (Supreme Court, Appellate Term.   November 18, 1903.)

1. WRITTEN CONTRACT—PAROL EVIDENCE—ADMISSIBILITY.

Where a lease in writing fixed the rent "for the first three years" from October 1, 1902, till October 1, 1905, at $3,000, parol evidence in an action for rent was inadmissible to show that the parties intended that the rent was to be $3,000 each year, instead of $3,000 for the three years.

Appeal from City Court of New York, Trial Term.

Action by Henie Liebeskind against the Moore Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. · J., and BISCHOFF and BLANCHARD, JJ.

Gould & Breckinridge, for appellant.

Steuer, Hoffman & Wahle, for respondent.

FREEDMAN, P. J.   ·This action was brought to recover the sum of $500, claimed by plaintiff for the rent of certain premises for the months of January and February, 1903.   The defendant offered no evidence, and a verdict was directed in favor of the plaintiff.   That portion of the lease over which the controversy arises reads as. follows:

"The party of the first part hereto is the owner of the premises No. 49 West 14th Street in the Borough of Manhattan, City of New York, and the party of the second part hereto lets, with the appurtenances thereto belonging to the said premises, for a term of ten years, from the first day of October, 1902, at the following rental, namely, for the first three years from the 1st of October, 1902, until October 1st, 1905, $3,000; for the succeeding two years of the said term, viz., from the 1st of October, 1905, until the 1st day of October, 1907, $3,250; for the succeeding three years of the said term, viz., from the 1st day of October, 1907, until the 1st .day of October, 1910, $3,500; for the next succeeding years of the term, viz., from the first day of October, 1910, until the first day of October, 1911, $4,000, and for the remaining year, viz., from the first day of October, 1911, until the 1st day of October, 1912, $4,500, which rent shall be payable in equal monthly payments on the first of each and every month during the continuance and until the termination of this agreement."

The plaintiff rests her right to recover the sum of $250 per month solely upon the claim that the lease is ambiguous in its terms, and that parol testimony is admissible to show that the intent of the parties was that the rent was to be $3,000 per year, instead of $3,000 for the first three years.   The defendant tendered the plaintiff and paid into court the sum of $166.68, being the proportionate amount of rent at the rate of $3,000 for three years.   The court below accepted plaintiff's view, and permitted the plaintiff to show that the rental agreed upon between the parties prior to the execution of the lease was to be $3,000 per year; such testimony being given over the defendant's objection and exception thereto.   All of the testimony of that character should have been excluded.   The language of the lease is so perfectly clear and determinate that· a mere reading thereof is sufficient to indicate its meaning.   The rental is unequivocally stated to be "for the first three years from the 1st of October,

1902, to October 1st, 1905, $3,000. This phraseology is too definite and certain to need the assistance of any rule of construction. No citation of authority is necessary in support of the proposition that where a contract is plain, distinct, and unambiguous in its terms, there is no room for construction, and that a court cannot by construction, nor under the guise of explanation, defeat the express stipulation of the parties. Another rule, so well known that the necessity for referring to it seldom arises, is that, when an agreement is reduced to writing, it, as between the parties, merges all prior and contemporaneous negotiations and declarations upon the subject, and the parol evidence is not admissible, to vary, explain, or contradict its terms. Mead v. Dunlevie, 174 N. Y. 109, 66 N. E. 658. In the case of House v. Walch, 144 N. Y. 420–422, 39 N. E. 327, the court said:

"Both parties at the trial stood upon the written contract. The plaintiff insisted that it was ambiguous, and parol evidence was admissible to explain it, while the defendant objected to the evidence on the ground that no ambiguity existed. Confronted by this situation, the plaintiff should have brought an action to reform the contract, and to enforce it as reformed."

The foregoing expresses the situation in the case at bar.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.