### KUNTZ v. MAHRENHOLZ.

(Supreme Court, Appellate Term.   June 23, 1904.)

**1. WRITTEN LEASE—REQUISITES.**

   A paper cannot be considered as a lease where it is not signed by the lessee, does not identify the premises, or state when the term is to begin, or upon what dates the rent is payable.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Louisa K. Kuntz against Henry J. Mahrenholz. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Ernest Hall, for appellant.
Charles G. F. Wahle, for respondent.

SCOTT, J. The paper signed by the landlord on April 28, 1902, was in no sense a lease. It lacked several essential elements of a lease. It was not signed by the lessee. It did not identify the premises. It did not state when the term was to begin, or upon what dates the rent was payable. It was a mere memorandum of a verbal agreement, and was doubtless intended to be followed by a lease. No one reading the paper could tell what premises were rented, or when the tenant was entitled to possession; nor, if the tenant had refused to go into possession, could the landlord have maintained an action against him. Liebeskind v. The Moore Company (Sup.) 84 N. Y. Supp. 850, relied upon by the tenant, is not applicable. That case was decided as it was because, as the opinion states, the terms of the agreement were stated in plain and unequivocal language. Of course, the tenant's present contention is an afterthought, and is essentially dishonest. He knows perfectly well that the sums stated were the monthly rental, as is best evidenced by the fact that for two years he paid rent monthly at the rates mentioned in the receipt, which he now says were the yearly rentals.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.