## HOLMES VAN MATER, Respondent, v. JABEZ BURNS, Jr., and Another, Appellants.

76    3
13ap599
76h    3
49ad464

*Uncontradicted testimony of a party — its credibility a question for the jury — written contract, parol evidence in reference to it — the verdict of a jury not set aside in aid of a defense not pleaded.*

Even where the testimony of a party to an action is uncontradicted, his interest in the result makes its credibility a question for the jury.

Although, when a contract upon inspection is seen to be incomplete, that part of the contract not reduced to writing may be proved by parol, neither the written part of such contract, nor a complete written contract, can be contradicted by parol testimony.

It is not allowable upon appeal to set aside the verdict of a jury in aid of a defense not pleaded

APPEAL by the defendants, Jabez Burns, Jr., and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of April, 1893, upon the verdict of a jury for $431.68 after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 20th day of April, 1893, denying the defendants' motion for a new trial made upon the minutes.

*Charles J. Patterson*, for the appellants.

*W. K. Van Meter*, for the respondent.

PRATT, J. :

The appellants do not claim that any error of law was committed by the court below, but ask that the verdict be set aside upon the sole ground that it is contrary to the weight of evidence.

One answer to the application is that it is based entirely upon the testimony of one of the defendants, and it is well settled that even where the testimony of a party is uncontradicted, his interest in the result makes its credibility a question for the jury.

*Goldsmith* v. *Coverly* (75 Hun, 48) lays down that rule, citing *Honegger* v. *Wettstein* (94 N. Y. 261); *Wohlfahrt* v. *Beckert* (92 id. 494); *Kavanagh* v. *Wilson* (70 id. 177); *Elwood* v. *W. U. Tel. Co.* (45 id. 549), and other cases.

But in the present case it cannot be said that the testimony of the party is uncontradicted. By the contemporaneous written agreement the right of the publishers to be paid in goods for the advertisement was absolute if the goods were demanded within three years. By the testimony of defendant the goods were not to be delivered except on board a ship destined to a foreign port. The bill of sale executed by defendant in August, 1887, six weeks after the advertising was finished, being without condition, was also contradictory of defendant's testimony.

The verdict was warranted by the evidence, if not absolutely required by it.

The point made by respondent that the contract being in writing could not be contradicted by parol testimony, is also well taken.

PEOPLE ex rel. LAMB v. BOARD OF HEALTH. 5

Hun.]        SECOND DEPARTMENT, FEBRUARY TERM, 1894.

This is not a case where upon inspection a contract is seen to be incomplete, which allows that part of the contract not reduced to writing to be proved by parol. Even in such a case the written part of the contract cannot be contradicted as here sought to be done. (*Thomas* v. *Scutt*, 127 N. Y. 133.)

Another answer to the motion of appellant is that the defense interposed at the trial was not pleaded, and, therefore, not admissible if objected to. It is not allowable to set aside a verdict in aid of a defense not pleaded.

The only defenses set up in the answer were a denial of the assignment of the claim to the plaintiff, of the publication of the advertisement, and of the demand of the goods and refusal to deliver. These were all proved upon the trial and were not then controverted. That entitled plaintiff to his verdict.

The judgment and order denying new trial should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment and order denying motion for new trial affirmed, with costs,