### In re ROBINSON et al.

(District Court, D. Massachusetts. April 17, 1905.)

#### No. 8,074.

BANKRUPTCY—PROOF OF CLAIMS—USURIOUS NOTES—DISALLOWANCE—AMEND-MENT—MONEY FRAUDULENTLY OBTAINED.

Where a creditor of a bankrupt sought to prove a note made in New York drawing usurious interest, and the claim was disallowed under the New York law on account of the usury, the creditor was entitled to amend his original proof by substituting therefor a claim for money fraudulently obtained by the bankrupt and received to the claimant's use.

In Bankruptcy.

John G. Palfrey, Charles E. Haywood, and Clifton L. Bremer, each for a creditor.

LOWELL, District Judge. A creditor sought to prove a note made in New York at a usurious rate of interest. On due objection the claim was disallowed, and the creditor has moved to amend his original proof by substituting therefor a claim "for money fraudulently obtained by said bankrupt and received to the deponent's use." The frauds alleged were representations of fact concerning the bankrupt's business, his assets, and his intended application of the money borrowed. The referee refused to permit the amendment on the ground that the claim as amended would not be provable. If provable as amended, it should be allowed. The law of New York so taints with illegality a usurious contract that money borrowed thereby cannot be recovered as money had and received. Hammond v. Hopping, 13 Wend. 505; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961. The creditor cannot recover upon the usurious contract itself, nor yet upon the common counts, since any implied contract to pay money advanced is merged in the express usurious contract actually made. If, however, the creditor can establish a provable claim apart from the usurious contract, and unaffected by it, he will prevail. If A. obtains money by false pretenses from B., and gives him a note for the money thus obtained, B. may condone the fraud, and sue on the note, or he may sue to recover back the money, disregarding the fraudulent contract of which the note is evidence. Let us suppose that a note is nonusurious, and not yet due, the loan obtained by fraud. The creditor can either prove the note with a rebate of interest, or, disregarding the note, can prove for money had and received as due at once and without rebate. If a creditor can prove for

money had and received without regard to a nonusurious note, he can here prove without regard to the usurious note. See Bradley v. Rea, 14 Allen, 20; Id., 103 Mass. 188, 4 Am. Rep. 524; also In re Arnold, 13 Am. Bankr. R. 320 (D. C.) 133 Fed. 789.

The judgment of the referee is reversed, and the case is recommitted to him, with instructions to permit the amendment and to take further proceedings not inconsistent with this opinion.