## CROOK v. FIDANQUE et al.

(Supreme Court, Appellate Term. May 15, 1908.)

EVIDENCE—PAROL EVIDENCE—CONTRADICTING WRITTEN INSTRUMENTS—WRITING INCOMPLETE ON ITS FACE—"FOR OUR ACCOUNT."

In an action for goods sold, plaintiff introduced written orders from defendants containing the following words: "Please ship for our account"—followed by shipping directions and a description of the goods desired, but containing no price or terms of payment. Defendants testified that, when the orders were given, it was agreed that the goods were to be shipped "gratis," and that defendants were to pay for them only if they should succeed in selling them at a certain place to which they were sent. *Held*, under the rule that, where a writing is manifestly incomplete, parol

evidence is competent to complete it, that the testimony was properly admitted; it not being contradictory to the words, "for our account," such words not necessarily meaning an absolute purchase, but being equally applicable to such a transaction as testified to by defendants.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by John Crook, as receiver of the Monarch Biscuit Company, against Jacob M. Fidanque and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

John J. Crawford, for appellant.
Harry Levor, for respondents.

GIEGERICH, J. The action was brought by the plaintiff as receiver to recover the sum of $260.80 alleged to be due for goods sold and delivered by the plaintiff's corporation prior to his appointment as receiver. The plaintiff put in evidence written orders running from the defendants to the Monarch Biscuit Company, containing the following words: "Please ship for our account"—followed by shipping directions and a description of the quantities and kind of goods desired, but containing no price nor time nor other terms of payment. One of the defendants was permitted to testify over the plaintiff's objection that at the time the orders were given to the salesman of the Monarch Biscuit Company it was agreed that the goods were to be shipped "gratis," and that the defendants were to pay for them only in case they should succeed in selling them at the Isthmus of Panama, to which place they were to be sent. This testimony was corroborated by a clerk who was present at the interview. I am of the opinion that this evidence was properly admitted. The memorandum omits all mention of price and time of payment, and is manifestly incomplete. Under such circumstances it is well settled that parol evidence is competent to complete, though not to vary or contradict a writing. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961.

The only question is whether the words "for our account" are of such an import that they are contradicted by the testimony that was admitted. The expression, as I construe it, does not necessarily mean an absolute purchase, but would be equally applicable to such a transaction as the defendant testified to. In such a case, the same as in the case of an absolute sale, the goods would properly be charged on the books of the Monarch Biscuit Company against the defendants, and would in due time have to be accounted for by them, and consequently it could properly be described as a shipment for the account of the defendants. There would be no warrant under the circumstances disclosed in the case for giving to the expression under consideration the narrow and rigid meaning the plaintiff seeks to impose upon it.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

GREENBAUM, J. (concurring). The omission of the terms and prices of the goods mentioned in the order is unusual in such an in-

strument, and significant, in the light of the explanation of the defendants, of an incomplete expression of the real agreement between the parties. Considered in this aspect, the parol proof as to the conditions under which the order was given would not be inconsistent with the contention of defendants that they were not to pay for the goods unless they succeeded in effecting sales of them. The judgment should be affirmed.