KELLY v. AARON.

(Supreme Court, Appellate Term.　May 24, 1910.)

1. LANDLORD AND TENANT (§ 184*)—SECURITY FOR PERFORMANCE BY TENANT —DEPOSIT BY SURETY—RECOVERY.

Where a lease recited the deposit by tenants of a sum to secure faithful performance of the lease, and contained a provision permitting the landlord, on the default of the tenant, to re-enter and relet the premises as agent of the tenant, on such re-entry and reletting to the surety of the tenants, who claims that he in fact made the deposit, the surety is not entitled to recover it; no surrender and acceptance of the lease being shown.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

2. LANDLORD AND TENANT (§ 231*)—BREACH OF CONTRACT—SUFFICIENCY OF EVIDENCE.

Where premises, including stores and other property, were leased for $2,100 a year and on the failure of the tenant to take possession the landlord leased the stores alone for $125 per month, there being no showing as to whether the balance of the premises were· leased, or, if so, for what amount, the landlord is not entitled to a recovery from a surety of the tenant; the contract being an entirety.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Thomas Kelly against Montague Aaron.　From a judgment for plaintiff, defendant appeals.　Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

L. & A. U. Zinke, for appellant.
Thomas R. Lane, for respondent.

GUY, J.　The defendant appeals from a judgment rendered in favor of plaintiff by the court, without a jury, in an action brought by plaintiff, as surety, to recover from the defendant the sum of $250 paid to defendant as a deposit at the time of the signing of a lease by defendant and plaintiff's principals.　One of the provisions of the lease was as follows:

"(19) The lessees have this day deposited with the landlord the sum of two hundred and fifty ($250) dollars, and will deposit on or before February 1, 1908, or earlier, if possession is taken earlier, the further sum of two hundred and fifty ($250) dollars, as security for the faithful performance of this lease. It is agreed that the security deposited shall not be mortgaged or assigned or in any way incumbered by the tenants without the consent of the landlords."

The lease also provides:

"The tenants agree to spend in the improvement of the stores of the premises leased the sum of about three thousand ($3,000) dollars."

The lease in question was executed September 19, 1907, and was for the term of five years beginning May 1, 1908, at a rental of $2,100 per year, payable monthly.　On December 1, 1907, prior to the beginning of the term under the lease of September, 1907, the tenants, who had

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

occupied the premises on a previous lease, abandoned the premises, went out of business, failed to pay the remaining $250, and failed to take possession of the premises under the lease of September, 1907. Some negotiations were then had between the plaintiff, the landlord, and a brewer named Kohler, having in view the rental of the entire premises to the plaintiff; but these negotiations fell through. Then the landlord, after expending about $2,100 in improving and renovating the stores alone, relet them through the brewer, Kohler, to a new tenant at a monthly rental of $125. The landlord assumed $1,000 of this expense, and the balance was paid by the new tenant and the brewer. The original lease contained the usual clause permitting the landlord, upon the default of the tenant, to re-enter the premises and relet the same as agent of tenant. Upon the reletting of the premises by the landlord, plaintiff demanded the return of the $250 deposited at the time of the signing of the lease, claiming that said sum had been, in reality, paid by the plaintiff as surety, notwithstanding the fact that the lease recited that said payment had been made by the tenants, the plaintiff's principals: Defendant refused to return the deposit to plaintiff, and suit was thereupon instituted by plaintiff.

Upon the trial plaintiff testified that the payment was made by a check signed by plaintiff in January, 1908; but one of the tenants, called as a witness by the plaintiff, testified that the deposit was paid in cash by the tenants at the time of the signing of the lease. Defendant contends that, whatever the fact was as to the actual payment of the money, the recital in the lease, an instrument under seal, that the payment was made by the tenants, is conclusive as against all the parties to the contract, including the sureties, and constituted in effect an agreement that such payment was, for the purposes of the contract and the rights of the parties thereunder, to be deemed a payment by the principal, and not a payment by the surety, and the surety cannot, therefore, maintain an action to recover the sum so deposited. In support of this contention appellant recites Stowell v. Greenwich Insurance Co., 163 N. Y. 298, 57 N. E. 480, and Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961. It is unnecessary, however, to pass upon this proposition. Plaintiff failed to prove surrender and acceptance. The reletting of the stores by defendant, as agent of the tenant, was in compliance with the provisions of the lease. Plaintiff failed to make out any cause of action.

Defendant, in addition to denying plaintiff's right of recovery as surety, demands by way of counterclaim a judgment against the plaintiff for the sum of $1,000 necessarily expended by him in making improvements to the stores, which plaintiff's principals were bound to make under the terms of their contract, and for which the surety is, therefore, liable. While the general proposition is doubtless true that the surety would be liable for sums so necessarily expended, the evidence presented upon the trial was not, in my judgment, sufficient to justify a verdict in favor of the defendant for the amount of the counterclaim. It does not appear from the evidence whether the remaining part of the premises, other than the stores, was relet by the landlord, and whether, if so relet for the balance of the term, the result was a loss or an increase of rental sufficient to offset the moneys

expended by the landlord for improvements. The contract between defendant and plaintiff's principals must be treated as an entirety, and defendant would not be entitled to recover against either the tenants or the surety losses incurred in reletting one part of the premises, or in repairing or improving one part of the premises, if the remaining part of the premises were relet at a sufficient increase to offset such loss or damage. On the evidence presented, the defendant was not entitled to judgment on his counterclaim, but was entitled to a dismissal of plaintiff's complaint.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.