WILLIAM M. DAVIDGE, Doing Business as HUDSON CAR-
BON COMPANY, Respondent, *v.* WILLIAM Y. VELIE and
FRED VELIE, Copartners, Doing Business under the
Firm Name and Style of VELIE BROTHERS,
Appellants.

(County Court, Ulster County, May, 1916.)

Contracts — what necessary to make complete contract — actions —
   evidence.

   To make a written instrument, which is nothing more than
   an offer by defendants to purchase fertilizer, fixing price,
   quality, quantity, time and place of delivery, a complete con-
   tract, acceptance by act, or promise of plaintiff is necessary,
   and in an action to recover the purchase price of goods delivered
   thereunder defendants are entitled to show that it was agreed
   that an order for goods to be delivered March first might be
   canceled by defendants any time before· that date, and the
   exclusion of such testimony on the ground that the writing
   contained a complete contract and that parol evidence was
   inadmissible to vary its terms, was error.        ·

APPEAL from Justice's Court from a judgment of
forty-five dollars and ninety-three cents against the
defendant.

Alexander Johnston (V. B. Van Wagonen, of coun-
sel), for appellant.

A. D. & A. W. Lent, for respondent.

JENKINS, J. On October 6, 1914, a paper, of which
the following is a copy, was signed by one of the
defendants and delivered to the plaintiff:

County Court, Ulster County, May, 1916.    [Vol. 95.

" Hudson Carbon Co.,

" Order ......, Date ............, 191..

Oct. 6, 1914,

" Ship to Velie Bros.

" At P. O. Marlboro, N. Y.

" How ship; Cedarcliff, N. Y.   When, Mch. 1st.

" Terms, Net cash fob, Cedarcliff, N. Y.

" Salesman ............... Buyer ...............

If needed earlier will advise.

" 20 bags,          1 ton

Davidge's Special Phosphorus,
$40.00

" Velie Bros.

" Less freight."

On February 12, 1915, the plaintiff delivered this fertilizer to the Delaware and Hudson Railroad Company at Ballston Spa, for shipment, and in due course it arrived at Cedarcliff, before February twenty-second, when the defendants wrote the plaintiff that they had just received word of the shipment of February twelfth, of one ton Davidge's Special Phosphorus and that they had on February eighteenth written asking them to cancel the order for March first. That they gave this order with the understanding that they could so do, and that they would not take it from the freight house.

The plaintiff sued to recover the purchase price. The defendants claimed nonperformance by delivery before the time fixed in the order; and that the writing above set forth did not contain the entire agreement. Upon the trial the defendants' offer of proof that it was agreed that the order for March delivery could be cancelled by defendants any time before March 1st was rejected upon the ground that the writing contained a complete contract and parol evidence was not

admissible to modify its terms. I think this was error. The contract was not complete on its face. There was no acceptance of the order in the writing, nothing to bind the plaintiff so as to make a complete executory contract. It was an offer, and, to make a complete contract, an acceptance by act or promise by the plaintiff was necessary. The writing might have been shown to be part only of an entire verbal contract. If this instrument can be said to contain a contract, this case falls in the second class of exceptions set forth in the opinion in *Thomas* v. *Scutt,* 127 N. Y. 133, to the rule that a complete written contract cannot be modified or contradicted by parol evidence. Judge Vann says: " The second class embraces those cases which recognize the written instrument as existing and valid, but regard it as incomplete either obviously, or at least possibly, and admit parol evidence, not to contradict or vary, but to complete the entire agreement of which the writing was only a part.  *  *  *  Two things, however, are essential to bring a case within this class: I. The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract.

" 2. The parol contract must be consistent with and not contradictory to the written instrument."

The written instrument here is nothing more than an offer by the defendants to purchase fertilizer, fixing price, quality, quantity, time and place of delivery. No acceptance binding the plaintiff can be found within the four corners of the paper. It may be that soliciting the order and manual acceptance of the paper would warrant the inference of its acceptance, but that must be shown by evidence outside the paper. I think

**33**

# 514                    PEOPLE v. KADEL.

the defendants should have been allowed their proof showing an entire executory contract of an order for goods to be delivered March first, with a right to cancel before the date of delivery.

Regarding the instrument as an offer, where is the acceptance necessary to make a complete contract? Was the shipment of February twelfth such an acceptance? I think not, because the act did not square with the offer. The offer was for a shipment on March first, and that is not complied with by a shipment February twelfth. *Corrigan* v. *Sheffield,* 10 Hun, 227.

Again, if the instrument was only an offer, the defendants had a right to withdraw it before acceptance by the plaintiff. This they did by notifying the plaintiff a reasonable time before March first.

For these reasons the judgment is reversed, with costs.

Judgment reversed, with costs.