FRANK A. HEDDY, JR., as Administrator, etc., of ROBERT M. HEDDY, Deceased, Respondent, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., and Another, Appellants.— Order modified by eliminating item 1, and by providing, in so far as items 2 and 3 are concerned, that if defendants claim that either the infant or the guardian was negligent, to state the particulars of such negligence, or if they are not in possession of such particulars, so to state and likewise to state that they intend to rely upon the testimony of plaintiff's witnesses on the issue of contributory negligence. As so modified the order is affirmed, with ten dollars costs and disbursements to appellants: the particulars to be served within five days from the entry of the order herein. Defendants, upon whom rests the burden of proof as to contributory negligence, should not be required to assert before trial whether the infant decedent was *sui juris* or *non sui juris*. The modification as to items 2 and 3 is in accordance with *Dunson* v. *Kirtland* (235 App. Div. 854) and *Wright* v. *Di Milia* (236 id. 807). Lazansky, P. J., Young, Hagarty, Scudder and Davis, JJ., concur.

SIMON HEUCHEL and Another, Respondents, v. SENDER ORT and Another, Appellants, and Others, Defendants.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and the motion to strike out the answers of defendants and for a summary judgment denied, with ten dollars costs. The action is to foreclose a mortgage. The answers of the defendants allege, in effect, that under an assignment of the rents of the premises the mortgagee went into possession and has collected a sum in excess of the amount due, with interest, on the mortgage. The written assignment did not define the rights of the assignee to pay fixed charges or to make current repairs. The plaintiffs assert that there was a collateral oral agreement that they should have such right, and that there was a general custom in favor of the right to expend the money received for rents in the payment of fixed charges and current repairs. The defendants allege that there was a collateral oral agreement that the owner, or someone in his behalf, should pay the charges and repairs during the period of the assignment. The matter of the receipts and disbursements of the assignee of the rents was sent to an official referee to take and state the account. At that time the defendants raised the question of authorization to make any disbursements and apparently questioned the necessity of items of expenditure. The referee declined to pass on the question of authorization; and whether or not he passed on the necessity of making these repairs or whether in part they represented improvements of benefit to the mortgagee, is not disclosed by the record. As far as we can determine, the fact only that the disbursements were made was the subject of controversy as outlined by the referee. We are of the opinion that all these controverted questions must be determined before the plaintiffs are entitled to a judgment of foreclosure and sale. We do not now determine whether evidence relating to the alleged oral agreements made contemporaneously with the assignment is admissible. (See *Thomas* v. *Scutt*, 127 N. Y. 133; *Mitchill* v. *Lath*, 247 id. 377.) Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ., concur.