## TEXAS CO. v. LOU HALPERIN'S STA-TIONS, Inc., et al.
### No. 6610.

District Court, E. D. New York.
March 11, 1936.

Albert E. Van Dusen, of New York City (Herman Block, of New York City, of counsel), for plaintiff.

Wilzin & Halperin, of New York City (Michael Halperin and Robert Morris, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

This is a motion by the defendants to set aside a directed verdict herein in favor of the plaintiff upon the ground that material error was committed by virtue of the refusal of the court to permit the testimony of the president of the defendant corporation and certain witnesses for the defendants relative to the terms of an alleged oral agreement between the plaintiff and defendant corporation.

The rule is too fundamental to require citation that any writing indicating the purpose and intent of the parties to enter into a contractual relation with reference to its subject-matter, and completely embodying their agreement and engagements in unambiguous terms, is within the protection of the rule excluding parol or extrinsic evidence of related matters preceding or accompanying the execution of a contract or contractual writing. That the written contract herein between the plaintiff and defendant corporation, dated February 1, 1933, upon which plaintiff predicated its right to recovery, was complete in all material respects and subject to no ambiguity, is seemingly not open to question; defendants' counsel have stated nothing in their argument to support a contrary view. Accordingly, as the contract in question must be regarded as complete upon its face, it is governed by the general rule hereinabove stated and not by any of the exceptions thereto. Certain it is, at any rate, that little would be left to this wise and salutary rule if it were to be held, as defendants in effect urge, that a writing which contains the full and definite terms of a contract, apparently complete, may be shown by oral evidence to be simply part of an entire verbal agreement previously or contemporaneously entered into. Cf. Thomas v. Scutt, 127 N.Y. 133, 27 N.E. 961.

The motion is denied. Settle order on notice.