James C. O’Brien, J.
Plaintiffs sue defendant (third-party plaintiff) for the return of a deposit which they made at the time they executed a purchase offer to buy real property of the defendant. Defendant in turn asserts a cross claim against the third-party defendant for the sum deposited. Third-party defendant is a real estate broker who negotiated the contract evidenced by the sales offer and who actually received and has kept the deposit. The price specified in the purchase offer was $23,000. The commission of the broker on the sale equals the amount of the deposit. Third-party defendant resists the cross claim on the ground that the contract which would require him to refund the deposit was oral and that evidence of it is not admissible under the parol evidence rule, and moves for summary judgment dismissing the third-party complaint. Accordingly, the narrow question for consideration is whether or not evidence of an oral contract between third-party plaintiff *952 and third-party defendant, upon which the former relies, is admissible in evidence. If evidence of the oral contract may be received, then there is presented a question of fact which forbids the granting of summary judgment. If, on the other hand, upon no conceivable theory could evidence of the oral agreement be received, third-party defendant’s motion for summary judgment should be granted.
A chronological account of the transactions between the parties, particularly with reference to written documents, will be helpful. Third-party plaintiff owned a dwelling in the town of Pittsford, in this county, which he wished to sell. The services of the third-party defendant, a real estate broker, were enlisted. This resulted in the execution by both of these parties of a written contract of hiring, called a “ Multiple Listing Service Contract”, marked “Exhibit A” and annexed to the motion papers. This contract ran for a 90-day period, from April 13, 1956 (its date) to July 13, 1956. During the life of this contract the third-party defendant effected no sale. Thereupon, under date July 13, 1956, a new Multiple Listing Service Contract, for an additional period of 90 days, expiring October 13,1956, was executed by the parties (Exhibit B). On or about August 21, during the life of this contract, the plaintiffs made a written offer to purchase defendant’s property,' which was accepted by the defendant, under date August 21, 1956 (Exhibit E). Third-party defendant was the broker who concededly effected this sale and it is the deposit of $1,150, made by the plaintiffs upon this purchase offer with which we are concerned in this action. This transfer never closed. It has been stated and not denied that the reason was some flaw in the title.
Defendant had not yet effected a transfer of his house and he made a new Multiple Listing Contract with the third-party defendant, which (Exhibit C) was substantially the same in form as Exhibits A and B, and which ran from October 3, 1956 to January 3, 1957. This period passed without incident. Defendant still had his house on his hands and on January 2 and January 4,1957, had some oral conversations with the third-party defendant. The substance of these conversations was a promise by third-party defendant that if the house were again listed with him and he should be successful in selling it to a new purchaser, he would refund the deposit which had been made on the first purchase offer (Exhibit E). This is the oral conversation to evidence of which third-party defendant objects. Agreeable to this oral conversation a new listing contract was made under date January 4, 1957 (marked Exhibit D), and during its life a new purchase offer (Exhibit F) was made by *953 which. Mr. and Mrs. Morreale contracted to purchase the defendant’s house. This also was negotiated through the offices of third-party defendant.
Apparently defendant concedes that the third-party defendant has earned a commission for selling defendant’s property to the Morreales, as per Exhibit F. This commission is due third-party defendant under the terms of the latest dated listing contract (Exhibit D). Third-party defendant retained this commission which came into his hands as a deposit under the purchase offer signed by the Morreales. No claim is made by defendant that third-party defendant should return this deposit or forego the commission.
What the defendant does ask is that third-party defendant forego and relinquish the commission which he earned on the first purchase offer (Exhibit E), which commission was earned pursuant to listing contract Exhibit B. Accordingly, the conversation which defendant hopes to prove and by which he hopes to require third-party defendant to refund the deposit made on purchase offer (Exhibit E) does not “ contradict, vary, add to, or subtract from ’ ’ the terms of the last listing contract (Exhibit D), under the terms of which the commission on the Morreale purchase offer was earned by defendant. The contract made in the conversation furnishes the consideration for the execution by defendant of Exhibit D, but except for that it has no relation to Exhibit D. The contracts which it does alter, add to, contradict or vary are Exhibit B, the earlier listing contract, and Exhibit E, the first purchase offer. The oral contract would have a tendency to partially rescind each of these to the extent of requiring third-party defendant to refund the deposit on Exhibit D.
Once the facts are clearly stated it is not too difficult to apply the controlling principles to them. The parol evidence rule upon which third-party defendant relies is a rule which precludes evidence of conversations or negotiations by the parties to a written contract when such conversations or negotiations occur either prior to, or at the time of, the execution of the written contract when such conversations would contradict, vary, add to or subtract from its terms. (Richardson on Evidence [7th ed.], § 420; Thomas v. Scutt, 127 N. Y. 133.) Accordingly, a parol contract made after the written contract does not fall within the prohibition of the rule. Moreover there is no prohibition (in the absence of statutory provision to the contrary) against modifying a written contract by a subsequent oral agreement (17 C. J. S., Contracts, § 377, p. 865). “ Those who make a contract, may unmake it. * * * Whenever *954 two men contract, no limitation self-imposed can destroy their power to contract again ”. (Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 387-388.) “An existing contract may be modified later by subsequent agreement, oral or written ” (Martin v. Peyton, 246 N. Y. 213, 218).
•Since In my view the third-party defendant has not demonstrated that no evidence of the oral agreement could be received under any conceivable theory, third-party defendant’s motion for summary judgment should be denied, with $10 costs to the defendant third-party plaintiff.
So long as the third-party defendant’s motion is denied, an examination of the third-party defendant may proceed as requested. Item No. 3 relates to matter which, in my opinion, is not material or necessary and is disallowed. Upon the other subjects specified in the notice, the examination may be held at such time and place as may be agreed upon between counsel for the third-party plaintiff and third-party defendant. If they cannot agree, the time and conditions of the examination may be fixed in the order. The order presented for signature should be indorsed with approval as to form by the attorney for the third-party defendant.