■ In the Matter of the Arbitration between EMANUEL AUSTERN et al., Appellants, and LOCAL 32E, SERVICE EMPLOYEES INTERNATIONAL UNION, Respondent. — Order, Supreme Court, Bronx County (Kent, J.), entered October 28, 1981, denying petitioners' application to stay arbitration, and declaring the notice of intention to arbitrate properly served, modified, on the law and the facts, with costs, to remand for a hearing as to the validity of the underlying agreement, and, as so modified, affirmed. Petitioners, the owners and managing agent of a Bronx apartment building, engaged in negotiations with the respondent union in September or October, 1978 regarding the provisions contained in the union's form contract for the employment of a superintendent. Jonathan Austern, the attorney who represented the petitioners in these negotiations, alleges that the parties met at the union's offices on October 31, 1978 to resolve their differences, that these differences were resolved and embodied in a "stipulation" typed at the union's offices which was attached to, and was to become a part of, the contract. After being told that only the union's president could sign the agreement on behalf of the union, but that he was not then in the office, Mr. Austern signed the agreement and the stipulation on behalf of the petitioners with the understanding that both documents would be signed by the union's president and returned to Mr. Austern. On or about December 1, 1978, only the form contract was signed and returned. On December 1, 1978, Mr. Austern wrote the union advising that the stipulation had not been signed and returned with the form contract, enclosing another copy of the stipulation, and requesting that the stipulation be signed and returned immediately. This letter went unanswered. Subsequent letters were sent on December 15, 1978 and March 1, 1979 reminding the union that without the signed stipulation there was no valid contract. These letters went unanswered. Finally, on July 19, 1979, Mr. Austern wrote to the union: "Inasmuch as there is no contract in force we are not liable for any pension & welfare. I remind you that we gave you every opportunity to sign a contract however you chose to ignore our letters." This too went unanswered. On August 10, 1981 the union served on petitioners a notice of intention to conduct an arbitration regarding petitioners' failure since September, 1978 to contribute to the union's welfare and pension funds. Petitioners brought this proceeding to stay arbitration on the ground that a valid agreement was not made. (CPLR 7503, subd [b].) Respondent's attorney replied that he was not "aware" that the stipulation was a condition precedent to the effectiveness of the signed form contract. He did not explain, or even mention, the unanswered letters. The court below denied the application to stay arbitration on the ground that the signed agreement was complete on its face and could not be altered by parol evidence. We disagree. It is a fundamental principle that: "The parol evidence rule does not bar the admission of parol evidence to show that what appears to be a contractual obligation is, in fact, no obligation at all. In such a case, the evidence is used not to vary the contract, but to establish that no contract exists." (Richardson, Evidence [10th ed], § 607; *Thomas v Scutt*, 127 NY 133.) The facts alleged by petitioners together with the supporting documents present a substantial factual issue as to whether the parties entered into a valid contract to arbitrate. (*Matter of Weinrott [Carp]*, 32 NY2d 190.) Parenthetically we note our agreement with Special Term's finding that the notice of intention to arbitrate was properly served. Accordingly, the order is modified to vacate the denial of petitioners' application to stay arbitration, the matter is remanded for a hearing to determine the validity of the contract, and the order is otherwise affirmed. Concur — Kupferman, J. P., Sandler, Sullivan and Carro, JJ.