DANIEL S. PEARSON, Judge.
We affirm the judgment below upon a holding that although parol evidence was admissible to establish the terms and conditions of an option to buy where such terms and conditions were obviously omitted from the lease between the appellant and Mabel *11 Ryan, the appellee’s decedent,[1] Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943) (where it is apparent from face of document that the writing does not represent whole of transaction, parol evidence admissible to prove missing elements); see Chase Manhattan Bank v. First Marion Bank, 437 F.2d 1040, 1048 (5th Cir.1971) (where an agreement is regarded as “ ‘incomplete, either obviously, or at least possibly,’ ” par-ol evidence is admissible “ ‘not to contradict or vary, but to complete’ ” (quoting Thomas v. Scutt, 127 N.Y. 133, 138, 27 N.E. 961, 962-63 (1891))), nevertheless, the appellant’s proffered testimony concerning the details of the option to buy was excludable under the Deadman’s Statute, § 90.602, Fla.Stat. (1983), where the inescapable inference from the testimony was that the decedent, Mabel Ryan, made certain statements to the appellant agreeing to the terms and conditions of the option. See Hulsh v. Hulsh, 431 So.2d 658, 664 n. 3 (Fla. 3d DCA), rev. denied, 440 So.2d 352 (Fla.1983).
Affirmed.

. The lease, prepared without benefit of counsel, bore the title "Lease with Oction [sic] to Buy,” and contained a legal description of Mrs. Ryan’s house, although only an apartment within the house was being leased.