PER CURIAM.
Plaintiff-appellant Stephen H. Tarr (“Buyer”) appeals an adverse summary judgment based on the Dead Man’s Statute. We affirm.
Buyer agreed to purchase a used single engine aircraft located in Dalton, Georgia. The purchase was contingent on the aircraft satisfactorily passing inspection.
Buyer entered into an oral contract with Richard L. Rawlins, Sr. (“Decedent”), an aircraft mechanic certified by the Federal Aviation Administration (“FAA”), whereby Decedent was to go to Georgia, inspect the aircraft, act as Buyer’s agent in concluding the purchase, and ferry the aircraft to Miami, Florida. Buyer gave Decedent instructions about the circumstances under which the Decedent should (a) complete the purchase at the agreed price; (b) negotiate a lower price; or (c) terminate the inspection and abort the purchase. Decedent eomplet-ed the purchase for the Buyer and delivered the aircraft to Miami.
Buyer contends that several months after delivery, he discovered that the aircraft had severe wing spar corrosion. He alleges that Decedent should have discovered the condition during the aircraft inspection and that, pursuant to Buyer’s instructions, Decedent should have negotiated a lower price or should have consulted with Buyer before concluding the purchase.
Shortly after discovery of the wing spar problem, Decedent was killed in an automobile accident. Buyer submitted a claim to the estate for damages, which the estate refused to pay. This lawsuit followed.
The personal representative moved for summary judgment on the theory that the Dead Man’s Statute, section 90.602. Florida Statutes (1995), prohibits the Buyer from proving the terms of the oral contract with Decedent. The trial court granted summary judgment and Buyer has appealed.
After careful consideration, we conclude that the trial court was correct. Several writings and the testimony of an independent witness establish some, but not all, of the material terms of the Buyer’s oral contract with Decedent. Since there is no admissible evidence to support some of the essential elements of Buyer’s case, we conclude that the summary judgment must be affirmed on authority of Fabian v. Ryan, 486 So.2d 10 (Fla. 3d DCA 1986). Buyer relies on Sun Bank/Miami, N.A. v. Saewitz, 579 So.2d 255 (Fla. 3d DCA 1991), but that ease is not applicable here. In Sun Bank, it was possible for the claimant to establish by process of elimination that a check with the notation “loan” on it had been a loan to, not from, the Decedent. In the present case, by contrast, it is not possible for Buyer to establish all of the material elements.
Affirmed.
COPE and SORONDO, JJ., concur.
GREEN, J., specially concurs.
*616 GREEN, Judge, specially concurring.
I concur in the result only.