Owen McGtvern, J.
Defendant moves for summary judgment dismissing the first cause of action of an amended complaint. In this cause of action for breach of an alleged agreement of employment plaintiff alleges he entered into defendant’s employ on February 1, 1957 at which time he was required to and did remove to the City of Cleveland, and that under the terms of plaintiff’s employment as sales representative for defendant in effect at the time of the wrongful termination of employment, as such terms had been modified and confirmed in part by a letter agreement dated January 29,1958 annexed to the complaint, he was to remain in Cleveland for a minimum period of three years, subject to earlier recall by defendant in the event periodic review of the sales figures disclosed that the amount of net sales credited to plaintiff from the operation of the Midwest sales office was lower than the amount of such sales for comparable periods in the preceding year. It is further alleged that the agreement was wrongfully terminated by defendant as of November 30,1958. The writing attached to the complaint states so far as here pertinent: “ In view of your [plaintiff’s] feeling that sales in the territory could be increased materially, we have decided to go along with your judgment for a limited indefinite period of time on the terms agreed with you. * * * We will watch results in your territory very carefully. If, in our opinion or yours, the arrangement is not working out satisfactorily for *764 any reason, either one of us can terminate the arrangement at\ any time and our relationship to each other will end directly upon the sending of the notice. After such termination whatever amounts are still outstanding under the arrangement one way or the other, will be settled up promptly. ’ ’ (Emphasis supplied.) While the writing does not contain plaintiff’s signature, he has admitted signing a duplicate or counterpart of such writing.
Movant argues that plaintiff cannot offer admissible evidence to prove his cause of action since it would contradict the written agreement and thus violate the parol evidence rule. There is thus presented the question whether the writing attached to the complaint was the contract embodying all the terms or whether the words “ on the terms agreed with you ” therein contained were referable to an agreement of which the writing was but a memorandum.
Plaintiff characterizes the additional terms pleaded in his first cause of action as supplements to the writing and on this basis claims parol evidence is admissible in support of his claim. It is clear, however, that the oral evidence sought to be introduced is not in supplementation, but in flat contradiction of the provisions in the written agreement that it was terminable at will if either party was not satisfied. Consequently, plaintiff will not be able to offer admissible evidence in support of the allegations in the first cause of action essential to the support of a cause of action.
The cases relied upon by plaintiff are inapposite to the situation here presented. Where parties have reduced their agreement to a writing, neither party can offer parol evidence to contradict nor vary any of its terms (Hutchison v. Ross, 262 N. Y. 381; Fogelson v. Rackfay Constr. Co., 300 N. Y. 334; Thomas v. Scutt, 127 N. Y. 133).
Under the circumstances it becomes unnecessary to consider the indicated impediment to plaintiff’s first cause of action arising under the Statute of Frauds as presently pleaded in this amended complaint. (See, however, Zupan v. Blumburg, 2 N Y 2d 547, 550; also Harris v. Home Ind. Co., 6 A D 2d 861.) The motion is granted.