## (February 7, 1963)

■ In the Matter of the Arbitration between JOSEPHUS SMITH, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Appeal from order entered on August 2, 1962 unanimously dismissed, without costs. Said order was superseded by the later order rendered following a reconsideration on the merits in the light of additional affidavits, and thus the appeal from the first order is academic. (See *Edell* v. *Edell*, 279 App. Div. 657; *Kamen* v. *Kamen*, 284 App. Div. 1047; *Schwartz* v. *Schreiber*, 13 A D 2d 811.) Order, entered September 18, 1962, unanimously affirmed on the law and the facts, with $20 costs and disbursements to respondent. While we would construe the provisions of condition 3 of the New York Automobile Accident Indemnification Endorsement as ordinarily entitling the appellant MVAIC to an examination under oath of the claimant independent of and in addition to the written statement given its adjuster, we conclude that, under the circumstances here, the appellant has waived and lost by laches its rights to the examination. The accident occurred on March 14, 1961. A claim was timely filed and in August, 1961, a detailed written and signed statement was taken from the claimant by the General Adjustment Bureau investigating the accident for appellant. Then, following the institution by claimant of arbitration proceedings, the appellant in June, 1962, demanded the examination to which it was entitled. Thereupon, a motion by appellant to stay arbitration was denied by Special Term on condition that claimant file a statement verifying under oath the facts contained in his August, 1961, written statement. The appellant moved for reargument but, by order rendered in September, 1962, the court adhered to its original determination. Notwithstanding appellant was notified on October 1, 1962 of Special Term's determination and that the claimant and the American Arbitration Association would proceed with the arbitration, the appellant did not take any proceedings for an appeal from the Special Term order until service of a notice of appeal on December 28, 1962. Although no interim stay was granted, the appellant made no attempt to secure an examination or otherwise assert its rights before the arbitrators. In the meantime the American Arbitration Association has proceeded with the arbitration on the default of appearance of the appellant, but it is conceded that the arbitration proceedings are being held open until February 15, 1963, for appearance and testimony by the appellant. The provisions of the MVAIC endorsement are that the claimant shall as may "reasonably be required" submit to the examination under oath. The appellant has not proceeded reasonably and should be relegated to its rights and remedies, if any, in the arbitration proceeding. (Cf. *Beckley* v. *Otsego County Fire Ins. Co.*, 3 A D 2d 190, 195.) Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

## (February 11, 1963)

■ ABRAHAM I. SULTAN, Appellant, v. LAMPORT Co., Respondent.— Order entered on February 28, 1962, dismissing, on the merits, the first cause of action in the amended complaint, and the judgment entered thereon, unanimously affirmed, with costs to respondent. Concur — Breitel, J. P., Valente, McNally and Stevens, JJ.; Rabin, J., concurs for affirmance solely on the ground that the Statute of Frauds precludes recovery on the first cause of action. [34 Misc 2d 763.]